**678 BIGELOW vs. CIRCUIT JUDGE (Gratiot), No. 14732½.**

To compel respondent to vacate an order setting aside a default for want of answer to an amended bill, and also an order permitting a party, acquiring title since the filing of the bill, to intervene and answer.

Denied March 7, 1895.

**679 SEEL vs. CIRCUIT JUDGE (Berrien), No. 12327.**

To set aside default and judgment, where, after relator's default, he moved to set aside same, and the court granted the motion upon payment, within a time specified, of $25. Payment was not made. After default absolute, judgment, issue of execution and bill filed in aid thereof, relator made this application.

Denied November 10, 1891, with costs.

**680 JAMES CUNNINGHAM & SONS CO. vs. CIRCUIT JUDGE (Wayne), No. 13799.**

To vacate an order setting aside a judgment by default, entered for want of appearance and plea.

Denied November 15, 1893, with costs.

Respondent contended (1) that the affidavit served with plaintiff's declaration is fatally defective, because it is not stated therein that the amount due is "over and above all legal set-offs;" (2) that the first default was entered August 26, 1893, and the default absolute and judgment, August 31, 1893, and as August 27 was Sunday, the default absolute and judgment were entered one day too soon; that where a rule or statute requires a certain number of intervening days, the same being less than the week, Sunday is excluded; Drake vs. Andrews, 2 M., 203; Simonson vs. Durfee, 50 M., 81; and (3) that defendant had explained and excused his failure to plead seasonably, to the satisfaction of the circuit judge. Relator contended that Sunday was properly excluded, citing Corey vs. Hiliker, 15 M., 314; Anderson vs. Baughman, 6 M., 298; Harrison vs. Sager, 27 M., 476; Dale vs. Lavigne, 31 M., 149.